IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Charles R. Major, Jr., *aka Charles R. Major*, Plaintiff, vs. Greenville Housing Authority, Ms. Marion Todd, and Mr. Mike Raymond, Defendants. | Civil Action No. 6:12-183-GRA-KFM **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the *pro se* plaintiff's motion for summary judgment (doc. 14). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On January 19, 2012, the plaintiff filed his complaint, stating it was brought pursuant to 42 U.S.C. § 1983 and alleging the Housing Authority of the City of Greenville[1] ("Housing Authority") committed "Torts of Constitutional violations" against him and "illegally" terminated his Department of Housing and Urban Development ("HUD") contract for housing assistance.

The plaintiff filed the instant motion for summary judgment on February 3, 2012, prior to this court authorizing service of process by the Clerk of Court. The defendants filed their answer to the complaint and response in opposition to the motion for summary judgment on March 5, 2012. On that same date, the defendants requested additional time to prepare a memorandum in opposition to the motion for summary

---

[1] The plaintiff incorrectly identified this defendant as "Greenville Housing Authority" in the complaint.

judgment, which this court granted. The defendants filed their amended response in opposition to the motion for summary judgment on April 4, 2012.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

2

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The plaintiff argues that he is entitled to summary judgment on his claims of denial of procedural due process, intentional interference of a HUD contract, breach of fiduciary duty, and intentional infliction of emotional distress. The plaintiff submitted no evidence in support of his motion.

The defendants argue that the plaintiff has failed to present any evidence to establish his claims against them. This court agrees. Because the plaintiff has the burden of proof, he has the obligation of presenting admissible evidence to support each element of his causes of action; merely making allegations in his motion is insufficient. Furthermore, because the motion was served on the defendants at the same time as the summons and complaint, the defendants note that they have had no time to conduct discovery. Moreover, the defendants submitted the affidavit of Marian Todd, the Senior Property Manager for the Housing Authority and a named defendant in this case. Based upon Ms. Todd's affidavit, a genuine issue of material fact exists as to the plaintiff's allegations. In her affidavit, Ms. Todd states that the Housing Authority terminated the plaintiff's lease due to nonpayment of rent. Prior to evicting the plaintiff, the Housing Authority notified him of the lease violation of nonpayment of rent five times over four months by sending letters to the plaintiff at the address that is the subject of the lease and the only mailing address the Housing Authority had on file for the plaintiff. The Housing Authority then filed an action in the South Carolina Magistrate's Court and obtained a Writ of Ejectment on February 15, 2010. Ms. Todd testified that she notified the plaintiff that he would be evicted on March 5, 2010, by mail and by delivering the notice underneath the door to his apartment (def. amended resp. m.s.j., ex. A, Marian Todd aff. ¶¶ 1-10).

3

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion for summary judgment (doc. 14) be denied.

Kevin F. McDonald
United States Magistrate Judge

April 11, 2012
Greenville, South Carolina