UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles R. Major, Jr., a/k/a Charles R. Major, | CA. No: 6:12-cv-00183-GRA-KFM |
| Plaintiff, | |
| v. | **ORDER** (Written Opinion) |
| Housing Authority of the City of Greenville; Ms. Marian Todd; and Mr. Mike Raymond, | |
| Defendants. | |

This matter comes before the Court for review of United States the Report and Recommendation by Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), D.S.C. Plaintiff Charles R. Major, Jr. ("Plaintiff") is commenced this action *pro se* on January 19, 2012, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Housing Authority of the City of Greenville[1] ("Housing Authority") committed "Torts of Constitutional violations" against him and "illegally" terminated his Department of Housing and Urban Development ("HUD") contract for housing assistance. *See* ECF No. 1. On February 3, 2012, Plaintiff filed a Motion for Summary Judgment. *See* ECF No. 14. On March 5, 2012, Defendants filed a Response in Opposition to Plaintiff's Motion for Summary Judgment, and subsequently filed an amended Response in Opposition on April 4, 2012. *See* ECF Nos. 26 & 46. Under established procedure in this judicial district,

---

[1] Plaintiff incorrectly identifies this defendant as "Greenville Housing Authority" in his Complaint.

Magistrate Judge McDonald made a careful review of the *pro se* complaint and issued a Report and Recommendation ("R & R"), on April 11, 2012, recommending that this Court deny Plaintiff's Motion for Summary Judgment. *See* ECF No. 48. Objections to the Report and Recommendation were due on May 3, 2012. *See id.* Plaintiff filed a Motion for Extension of Time to file Objections and Partial Objections to the R & R on May 4, 2012. *See* ECF Nos. 59 & 61. Plaintiff filed the final Objections on May 18, 2012, submitting evidence for this Court to consider when ruling on his Motion for Summary Judgment. *See* ECF No. 67. Defendants filed a Reply in Opposition to Plaintiff's partial Objections on June 4, 2012. *See* ECF No. 81. For the reasons discussed herein, this Court DENIES Plaintiff's Motion for an Extension of Time to file Objections, DENIES Plaintiff's Motion to Amend. Furthermore, this Court adopts the magistrate's Report and Recommendation in its entirety, and DENIES Plaintiff's Motion for Summary Judgment.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

**Discussion**

I. **Motion for and Extension of Time to File Objections**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, this Court may grant Plaintiff an extension of time to file a responsive motion for good cause shown. Plaintiff argues that an extension is necessary to allow him time to gather evidence in support of his Motion for Summary Judgment. After considering the record and Plaintiff's reasons for the extension, this Court finds that Plaintiff has failed to show good cause. Therefore, this Court will deny his motion for an extension of time and will not consider his Partial Objections filed on May 4, 2012, ECF No. 59, or his Objections filed on May 18, 2012, ECF No. 67, in ruling on Plaintiff's Motion for Summary Judgment.

II. **Report and Recommendation**

Magistrate Judge McDonald recommends denying Plaintiff's Motion for Summary Judgment because Plaintiff has failed to present any evidence, which establishes his claims and that a genuine issue of material fact exists as to Plaintiff's allegations. *See* ECF No. 48. The magistrate judge makes only a recommendation to this Court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### III. Plaintiff's Objections to Magistrate's Report and Recommendation

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See Schronce*, 727 F.2d at 94 & n.4. This Court has denied Plaintiff's Motion for an Extension of Time to File Objections; therefore, this Court finds that Plaintiff did not file timely objections. In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, this Court DENIES Plaintiff's Motion for Summary Judgment.

### IV. Motion to Amend Complaint

Applying the requisite liberal standard to the Plaintiff's *pro se* objections, this Court construes Plaintiff's *pro se* Objections as a Motion to Amend Complaint

pursuant to Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2). Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittson Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* The court has discretion to grant or deny the motion to amend; however, "outright refusal to grant the leave without any justifying reason appearing for the denial" is an abuse of discretion and "inconsistent with the spirit of the Federal Rules." *Id.*

The instant motion is difficult to decipher, but it appears that Plaintiff is seeking to make the following three amendments. First, Plaintiff seeks to "drop the cause of action for mental distress (outrage) and proffer . . . a change of the outrage claim to mental anguish." *Id.* Second, Plaintiff seeks to add a claim for breach of contract accompanied by fraudulent act. *Id.* Finally, Plaintiff seeks to amend the complaint to add a claim for "fraudulent misrepresentation." *Id.*

This Court DENIES Plaintiff's Motion to Amend finding that the Motion is unduly delayed and futile.[1] The scheduling order in this case, ECF No. 32, provides that motions to amend pleadings were due by April 20, 2012. Plaintiff's Motion to Amend was filed on May 18, 2012. ECF No. 67. Accordingly, Plaintiff must show good cause for the amendment of the original scheduling order. Rule 16(b) provides, in pertinent part, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Normally, "[g]ood cause under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Intersate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003) (citation omitted). The Plaintiff has made no such showing here. Furthermore, it would be futile to permit Plaintiff to amend his pleadings to add such claims as Plaintiff has not alleged any facts to support the additional claims. Accordingly, the Motion to Amend is DENIED.

## Conclusion

After reviewing the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to File Objections is DENIED.

---

[1] This Court initially notes that Plaintiff has previously attempted to amend his complaint to change the tort of intentional infliction of distress to mental anguish, which was denied by United States Magistrate Judge McDonald in an order issued on May 24, 2012. *See* ECF No. 73.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 23, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.