UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles R. Major, Jr., <br> *aka Charles R. Major*, <br><br> Plaintiff, <br><br> v. <br><br><br> Housing Authority of the City of <br> Greenville, Ms. Marian Todd, and <br> Mr. Mike Raymond, <br><br> Defendants. | C/A No.: 6:12-cv-00183-GRA-KFM <br><br><br> **ORDER** <br> (Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Kevin McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on September 5, 2012. Plaintiff Charles R. Major, Jr., proceeding *pro se*, filed this action on January 19, 2012, pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendants moved for summary judgment on July 19, 2012. ECF No. 110. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate judge on July 19, 2012. ECF No. 111. Plaintiff filed a response to Defendants' Motion for Summary Judgment, and Defendants filed a reply to Plaintiff's response. *See* ECF Nos. 133 & 142.

Under established procedure in this judicial district, Magistrate Judge McDonald made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A. Magistrate Judge

recommends that this Court grant Defendants' Motion for Summary Judgment. Plaintiff timely filed two sets of objections to the Report and Recommendation on September 21, 2012 and September 24, 2012, respectively. For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety and grants Defendants' Motion for Summary Judgment.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff filed the instant *pro se* action, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983, on January 19, 2012. ECF No. 1. In the Complaint, Plaintiff alleges a cause of action against the Housing Authority of the City of Greenville "for terminating a HUD contract of housing assistance" and a cause of action against two employees of the Housing Authority, Mike Raymond, Executive Director, and Marian Todd, Property Manager, under 42 U.S.C. § 1983 for violation of

his right to due process. *Id.* Specifically, Plaintiff claims that his due process rights were violated because he was evicted from Scott's Towers in January 2010 without being given proper notice. *See id.*

## Discussion

Magistrate Judge McDonald recommends granting Defendants' Motion for Summary Judgment. *See* Report and Recommendation, ECF No. 151.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**I.   Plaintiff's Objections**

   A. Inadequate Notice

In both his complaint and objections to the Magistrate's Report and Recommendation, Plaintiff states that Defendants violated his rights under 42 U.S.C. § 1983 after he was evicted from Scott's Towers and his Department of Housing and Urban Development contract for housing assistance was terminated. Specifically,

Plaintiff claims that he did not receive adequate notice of the eviction proceedings because all notices came back to the Housing Authority as undeliverable. ECF No. 175. Moreover, he asserts that Ms. Marian Todd was untruthful in her affidavit when she stated that the only address the Housing Authority had on file was his apartment at Scott's Towers. *Id.*

The Court finds that this objection is without merit. First of all, Plaintiff fails to present any evidence that Ms. Todd was being untruthful in her affidavit. Second, as found by the R & R, the notice given to Plaintiff complied with the procedures required by both the federal regulations and state law.

The right of a public housing tenant to remain in his or her housing is "entitled to due process protection." *Caulder v. Durham Hous. Auth.*, 433 F.2d 998, 1003 (4th Cir. 1970) (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)). As part of this due process requirement, the federal regulations provide that "an eviction action or a termination of tenancy in State or local court" should provide as part of their procedural safeguards "[a]dequate notice to the tenant of the grounds for terminating the tenancy and for eviction." 24 C.F.R. § 966.53(c). Under the South Carolina Residential Landlord and Tenant Act, a person may give adequate notice "by taking steps reasonably calculated to inform the other in ordinary course whether or not the other actually comes to know of it." S.C. Code Ann. § 27-40-240 (1976); s*ee Mullane v. Cent. Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Moreover, a tenant receives adequate notice when "it is delivered in hand to the tenant or mailed by registered or certified mail to the tenant at the place held out by him as the place for receipt of the

communication, or in the absence of the designation, to the tenant's last known place of residence." *Id.*

In this case, Defendants sent Plaintiff notices that complied with service of process requirements in October, November, and December of 2009 and January and February of 2010 to the only mailing address the Housing Authority had on file for Plaintiff—his apartment at Scott's Towers. *See* ECF No. 110. All of these notices came back as undeliverable. *Id.* Yet, all that is required by South Carolina and federal law is that the notice be "reasonably calculated to inform" the tenant of the termination of the lease "whether or not the other actually comes to know of it." *See* S.C. Code Ann. § 27-40-240 (1976). The only address the Housing Authority had on file and the only one that could have been found to send the Plaintiff notice was the address at Scott's Towers. The Notices of Termination were sent in a way that was "reasonably calculated" to let Plaintiff know that his lease was being terminated for failure to pay rent.

Furthermore, once it was determined that Plaintiff's apartment appeared to be abandoned, Ms. Todd as an agent of the Housing Authority filed an Application for Ejectment with the South Carolina Magistrate's Court. *See* ECF No. 110. The South Carolina Magistrate Judge issued a Rule to Vacate or Show Cause on December 9, 2009. *Id.* However, the process server was unable on three separate occasions to serve Plaintiff and executed an Affidavit of Nonservice on January 14, 2010. *Id.* Again, Defendants attempted to serve Plaintiff in a way that was "reasonably calculated" to apprise him of the Ejectment proceeding. In accordance with South Carolina law, the Sheriff attached the Writ of Ejectment on the door to Plaintiff's

Apartment on February 18, 2010 after it was issued by the Magistrate and the apartment had been determined to be abandoned. *Id.*

Finally, Plaintiff had adequate notice of the grounds for eviction in this case from the very beginning of his lease agreement. The lease agreement clearly states, "If Resident fails to make the Rent payment by the close of business on the fifth working day of each month, a notice to terminate shall be issued by Landlord to Resident." *Id.* Under S.C. Code Ann. § 27-40-710, a landlord may terminate a rental agreement for nonpayment of rent "provided the landlord has given the tenant written notice of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period." Moreover, the "written notice" requirement of that section is met if the agreement contains the following section or its substantial equivalent:

> IF YOU DO NOT PAY YOUR RENT ON TIME
>
> This is your notice. If you do not pay your rent within five days of the due date, the landlord can start to have you evicted. You will get no other notice as long as you live in this rental unit.

S.C. Code Ann. § 27-40-710 (1976). The provision in Plaintiff's lease contains similar language and conveyed to the Plaintiff that his lease could be terminated if he failed to pay rent. Thus, it is substantially equivalent to the above section and meets the "written notice" requirement under South Carolina law. At the very least, the section in Plaintiff's lease provided additional notice to him that eviction proceedings could begin if he did not pay rent, late fees, and legal fees.

As such, Plaintiff was provided adequate service of process in this case on several occasions. As stated in the R & R, each of the notices complied with the

procedures required by the federal regulations. Therefore, Plaintiff was afforded due process in his eviction proceedings, and his objection is without merit.

B. No Qualified Immunity

Plaintiff next objects to the grant of qualified immunity to Marian Todd and her director Mike Raymond. The Court finds this objection to also be without merit. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in questions does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In addressing qualified immunity, the United States Supreme Court has formulated a two-prong test under which "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

As outlined above, Ms. Marian Todd went through the appropriate legal channels to evict Plaintiff and afforded him due process. The Court agrees with the Magistrate Judge that qualified immunity for any due process right that Ms. Todd allegedly violated should be granted. After following the law and having the South Carolina Magistrate Court authorize the eviction, Ms. Todd was objectively reasonable in relying on the court order and should not be subject to suit for taking action in compliance with that order.

As to Mike Raymond, the director of the Housing Authority, qualified immunity is appropriate. As Ms. Todd's supervisor, it was objectively reasonable for him to

believe that he was not violating any of Plaintiff's rights when his property manager was following the law and going through the appropriate legal channels to have him evicted.

Therefore, Defendants Marian Todd and Mike Raymond are entitled to qualified immunity from Plaintiff's § 1983 suit, and Plaintiff's objections to this grant of qualified immunity are without merit.

C. Other Objections

Finally, the Court finds that Plaintiff's other objections are conclusory, non-specific, or unrelated to the dispositive portions of the magistrate's Report and Recommendation.

Therefore, after a thorough review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED with prejudice. Accordingly, all other pending nondispositive motions in this case are DISMISSED as MOOT.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

September 28, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.