UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles R. Major, Jr., *aka Charles R. Major*, ) | C/A No.: 6:12-cv-00183-GRA-KFM |
| Plaintiff, ) | |
| v. ) | **ORDER** (Written Opinion) |
| Housing Authority of the City of Greenville, Ms. Marian Todd, and Mr. Mike Raymond, ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's *pro se* Motion for Directed Verdict. For the following reasons, Plaintiff's motion is DISMISSED as MOOT.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff filed the instant *pro se* action, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983, on January 19, 2012. ECF No. 1. On July 19, 2012, Defendants moved for Summary Judgment. ECF No. 110. Magistrate Judge Kevin McDonald issued a Report and Recommendation to this Court on September 5, 2012 recommending that Defendants' motion for Summary Judgment be granted. ECF No. 151. This Court granted Summary Judgment to Defendants on September 28, 2012. ECF No. 180.

Plaintiff subsequently filed the present Motion for Directed Verdict on October 1, 2012 after Summary Judgment was granted to the Defendants. ECF No. 183. Defendants filed a response to this motion on October 18, 2012. ECF No. 186. Because Summary Judgment has already been granted in this case, the Court finds Plaintiff's motion to be moot.

Nevertheless, even if the Court were to consider the arguments put forth by Plaintiff in his Motion for Directed Verdict, the Court would still find that Defendants were entitled to Summary Judgment.

In his motion, Plaintiff argues that he was evicted from his public housing unit for not paying "late fees and legal charges." *See* ECF No. 183. Plaintiff argues that such an eviction is a violation of federal law. *Id.* In support of his argument Plaintiff cites to a decision by the Supreme Court of New Jersey which held that in actions involving public housing tenants additional charges such as late fees and legal charges "sought by the Housing Authority are not tenant rent due under the lease . . . and therefore cannot serve as the basis for a summary dispossess action for nonpayment of rent." *Hous. Auth. & Urban Redevelopment Agency of City of Atl. City*

*v. Taylor*, 796 A.2d 193, 202 (N.J. 2002). However, Title 24 C.F.R. § 966.4(l)(2)(i)(A) specifically provides that a lease may be terminated or a tenant may be evicted when there is a "[s]erious or repeated violation of material terms of the lease, such as . . . [f]ailure to make payments due under the lease."

Section 966.4(b)(1)(ii)(3), which outlines which payments can be due under a lease, states that "the lease may provide for payment of penalties for late payment." Furthermore, Title 24 C.F.R. § 966.6 lists lease provisions that are prohibited in public housing leases and does not prohibit terminating a lease because of failure to pay late fees. Plaintiff's lease correctly allowed for Defendants to charge late penalties when a payment is received after the fifth working day of the month, and Plaintiff was indeed charged these late penalties when late on his payments. *See* ECF Nos. 186-1 & 186-2.

Federal law also allows a Public Housing Authority to charge for court and legal costs when it successfully evicts a tenant through an eviction action. Title 24 C.F.R. § 966.6 only prohibits a provision in a lease that makes a tenant liable for legal fees and costs "regardless of outcome." Plaintiff's lease properly had a provision that allowed the Housing Authority to charge the tenant courts costs in the event the Housing Authority had to recover possession through legal proceedings. ECF No. 186-1.

Therefore, the Court finds that Plaintiff's failure to pay late fees and legal fees was a proper ground to terminate Plaintiff's lease.

Moreover, not only did Plaintiff fail to pay accrued late fees and legal charges, but he consistently failed to pay his rent when it was due. Plaintiff's lease and each of the notices sent to Plaintiff by the Housing Authority make clear that:

> ANY TENANT WHOSE LEASE HAS BEEN REINSTATED THREE TIMES DURING A CALENDAR YEAR WILL BE ADVISED IN WRITING . . . THAT THEIR REPEATED FAILURE TO PAY RENT WHEN DUE HAS BEEN DETERMINED BY THE AUTHORITY TO BE A REPEATED VIOLATION OF A MATERIAL TERM OF THE LEASE AND THAT CONTINUED LATE PAYMENT OF THE AMOUNT DUE MAY RESULT IN TERMINATION OF THE LEASE AND EJECTMENT ACTION.

*See* ECF No. 110.

Plaintiff was late paying rent for five consecutive months beginning in October of 2009. *See* ECF No. 110. Defendants did not go to the South Carolina Magistrate Court to begin eviction proceedings until after the third month of late payments. Thus, Plaintiff's consistent late payments became a "repeated violation of a material term of the lease." *See* 24 C.F.R. § 966.4(l)(2)(i)(A). In fact, the Magistrate Court's Rule to Vacate or Show Cause explicitly states and gave Plaintiff notice that he was evicted because "TENANT HAS FAILED TO PAY RENT *WHEN DUE OR DEMANDED*." *See* ECF No. 110 (emphasis added). Thus, Plaintiff was also evicted for his long-term failure to pay his rent when it was due. While Congress did intend to provide low-income people with affordable housing, Congress could not have intended for public housing authorities to consistently tolerate non-paying tenants. As such, federal law also supports termination for repeatedly paying rent late and clearly does not prohibit it.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Directed Verdict is DISMISSED as MOOT.

**IT IS SO ORDERED.**

_G. Ross Anderson, Jr._
Senior United States District Judge

October 23, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within **thirty (30)** days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal