UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles R. Major, Jr., *aka Charles R. Major*, <br><br>    Plaintiff, <br><br>v. <br><br>Housing Authority of the City of Greenville, Ms. Marian Todd, and Mr. Mike Raymond, <br><br>    Defendants. | C/A No.: 6:12-cv-00183-GRA-KFM <br><br>**ORDER** <br>(Written Opinion) |

This matter comes before the Court upon Plaintiff's *pro se* Motion to Reconsider the Court's September 28, 2012 order adopting United States Magistrate Judge Kevin McDonald's Report and Recommendation and granting Defendants summary judgment and dismissing all other non-dispositive motions as moot and also various other rulings made by the Court. For the reasons stated herein, this motion is DENIED.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him,

*Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff filed a *pro se* complaint alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983, on January 19, 2012. ECF No. 1. In the complaint, Plaintiff alleges a cause of action against the Housing Authority of the City of Greenville "for terminating a HUD contract of housing assistance" and a cause of action against two employees of the Housing Authority, Mike Raymond, Executive Director, and Marian Todd, Property Manager, under 42 U.S.C. § 1983 for violation of his right to due process. *Id.* Specifically, Plaintiff claims that his due process rights were violated because he was evicted from Scott's Towers in January 2010 without being given proper notice. *See id.*

Defendants moved for Summary Judgment in this case on July 19, 2012. *See* ECF No. 110. On September 28, 2012, this Court adopted United States Magistrate Judge Kevin McDonald's Report and Recommendation granting Defendants summary judgment and dismissing all other non-dispositive motions as moot.

## Discussion

Plaintiff brings this Motion for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Although Rule 59(e) does not itself provide a standard under

which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Thus, Rule 59(e) permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

Plaintiff brings his Rule 59(e) motion under the third ground recognized by the Fourth Circuit and asserts that the Court "ruled Erroneously or Contrary to Law" on several different issues. *See* ECF No. 184. However, after a review of Plaintiff's current motion and the Court's previous order, the Court finds that its prior decision granting Defendants summary judgment was and is correct as a matter of law. Plaintiff's motion contains nothing that compels the Court to alter its previous decision. The Court will address each alleged error as requested in Plaintiff's motion.

1. *State Landlord Tenant Act Cannot be Used to Provide Qualified Immunity*

Plaintiff first alleges that the Court erred when it granted qualified immunity to Defendants Marian Todd and Mike Raymond based on Ms. Todd's use of the appropriate legal procedures as outlined under the South Carolina Residential Landlord and Tenant Act. Plaintiff asserts that the Fair Housing Act and the

accompanying federal regulations are the only procedures that can be followed in evicting a tenant. The Court finds this argument unconvincing and contrary to law.

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, Ms. Todd went before a South Carolina Magistrate Court Judge and followed state law to evict Plaintiff. Plaintiff is correct that when a tenant is in "federally subsidized housing, federal law must be followed in addition to state law" in eviction proceedings. *Housing Authority of the City of New Haven v. Martin*, 898 A.2d 802, 808 (Conn. App. Ct. 2006). However, the Fair Housing Act and its accompanying regulations only place certain limits on Public Housing Authorities that must be observed in an eviction proceeding. *See, e.g.*, 24 C.F.R. § 966.4(l)(3) (dealing with giving tenants notice); 24 C.F.R. § 966.4(l)(2) (outlining the grounds for which a tenant's lease may be terminated). With these limitations in mind, Public Housing Authorities use the eviction procedures of the state Residential Landlord and Tenant Act. *See Joy v. Daniels*, 479 F.2d 1236 (stating "[l]andlord-tenant law is traditionally the province of the states"). In fact, no federal authorities exist that actually issue eviction notices.

Thus, Defendants were correct to rely on the procedures for eviction in the South Carolina Residential Landlord and Tenant Act. Defendants correctly followed the law in evicting Plaintiff, and the Court finds that its previous decision granting Marian Todd and Mike Raymond qualified immunity was correct under the law.

2. *Defendants' Failure to Follow State Law*

Plaintiff next asserts that qualified immunity should not have been granted to Marian Todd and Mike Raymond because they allegedly failed to properly follow the eviction procedures of the South Carolina Residential Landlord and Tenant Act. Specifically, Plaintiff alleges that the law requires a sheriff's deputy to serve a writ of ejectment instead of a Housing Authority employee.

South Carolina law states that a writ of ejectment should usually be served by "the constable or deputy sheriff." *See* S.C. Code Ann. § 27-37-160 (1976). While Plaintiff alleges that this did not occur in this case, the facts suggest otherwise. When issuing a writ of ejectment, it is standard procedure for the South Carolina Magistrate Court to issue the writ directly to the sheriff's department rather than an individual landlord. In fact, the writ issued in this case is specifically addressed "TO THE SHERIFF/DEPUTY SHERIFF/CONSTABLE." *See* ECF No. 110-6. The writ was attached to the door of the apartment by the sheriff on February 18, 2010. *Id.* Thus, the procedures for ejectment under the South Carolina Residential Landlord and Tenant Act were properly followed in this case.

Therefore, because Defendants properly followed the ejectment procedures under state law, the Court finds that its previous decision granting Marian Todd and Mike Raymond qualified immunity was correct under the law.

3. *Defendants Knew of Plaintiff's Change in Address*

Plaintiff also alleges error in the Court's finding that there was no indication that Defendant Marian Todd was being untruthful in her affidavit when she stated: "The address, 511 Augusta St., Apartment 1405, Greenville, South Carolina 29605,

was the only address The Housing Authority of the City of Greenville had on file for Charles Major and is the same address that is the subject of the Lease." ECF No. 110-2.  The Court finds that its previous ruling was correct under the law and declines to reevaluate its grant of summary judgment to the Defendants.

In deciding a summary judgment motion, the Court must look beyond the pleadings and determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  When no genuine issue of material fact exists, summary judgment is appropriate.  *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

In this case, Defendants bear "the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs.*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Once Defendants have met this burden, "the burden then shifts to the [Plaintiff] to come forward with facts sufficient to create a triable issue of fact."  *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).  Moreover, "a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'"  *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)).  The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary

judgment. *See Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 875 (4th Cir. 1992). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Id.*

Defendants properly supported their statement in their motion for summary judgment with Ms. Marian Todd's affidavit stating that Plaintiff's address at Scott's Towers was the "only address The Housing Authority of the City of Greenville had on file for Charles Major and is the same address that is the subject of the Lease." *See* ECF No. 110-2. At this point, the burden shifted to Plaintiff to show that there is a genuine issue for trial. However, Plaintiff failed to make such a showing in either his response to Defendants' motion or in his motion to reconsider.

First, Plaintiff alleges that he "hand delivered a caregiver letter to an employee in the GHA office," and that this precludes granting summary judgment for Defendants. Plaintiff failed to present any such letter or affidavit to the Court in response to Defendants' motion for summary judgment, his objections to the R & R, or the present motion. Moreover, in response to the same allegations made in Plaintiff's complaint, Defendants denied them. *See* ECF No. 25. Thus, Plaintiff failed to present evidence to create a genuine issue of fact, and cannot rely upon Defendants' denial or his mere conclusory allegations to preclude summary judgment.

In reviewing the record, the Court has found a letter from Ms. Faye R. Mulligan dated September 8, 2009 and filed as an attachment to Plaintiff's Objections to Judge McDonald's previous R & R on Plaintiff's motion for summary judgment. *See* ECF

No. 67-1. However, this letter was not submitted with any of Plaintiff's filings in opposition to summary judgment for Defendants. Even if the Court were to consider this letter, it does not change the Court's grant of summary judgment to Defendants. First of all, the letter gives no sufficient indication that this letter was actually submitted to the Housing Authority. The only indication of this is a handwritten note on the bottom stating, "Hand delivered to one of the ladies in the office by the Plaintiff in Sept 2009" and dated May 10, 2010. Moreover, the letter itself does not state that the Housing Authority should forward Plaintiff's mail or send notices to Ms. Mulligan's address, and does not even indicate how long Plaintiff was staying with Ms. Mulligan. Thus, even if this letter were considered, it does not call into question the truth of Ms. Todd's affidavit.

Second, Plaintiff submits that summary judgment was inappropriate because Ms. Dennis allegedly "admitted by Rule 36 questions on file that she knew the Plaintiffs mailbox was closed even before he left Scott Towers" and because Ms. Carolyn Ford allegedly "admitted by Rule 36 questions that she had talked to the Plaintiff and to the caregiver at the caregiver's telephone number from October to Christmas, and after January 2010 to see how the Plaintiff was doing with chemotherapy." ECF No. 184. The Court finds that these statements themselves do not create a genuine issue as to the veracity of Ms. Marian Todd's affidavit that the Housing Authority only had the one address on file. Moreover, after a review of the record and Plaintiff's motion, the Court finds that Plaintiff has not properly supported these allegations as required by the summary judgment standard. Plaintiff has failed to present any evidence that Ms. Ford and Ms. Dennis in fact did admit to these

allegations. Thus, these mere conclusory allegations are insufficient to impede a grant of summary judgment, and the Court finds that its previous ruling was correct. *See Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 875 (4th Cir. 1992).

Therefore, the Court finds that summary judgment for Defendants was proper and declines to reevaluate its decision.

4.     *Deadline for Objecting to Magistrate's Report and Recommendation*

Plaintiff next alleges error with respect to the Court's denial of his Motion for Extension of Time to respond to United States Magistrate Judge Kevin McDonald's previous Report and Recommendation ("R & R") filed on April 11, 2012. *See* ECF No. 48. Plaintiff also asserts that the proper deadline for filing objections to the R & R was May 4, 2012 instead of May 3, 2012. After reviewing the record, the Court finds that its previous order denying Plaintiff's Motion for Extension of Time and finding that May 3, 2012 was the proper deadline for filing objections to the R & R was correct as a matter of law. *See* ECF No. 114.

First, the Court's previous finding that May 3, 2012 was the proper deadline for filing objections to the R & R was correct under the law. Section 636(b)(1)(C) of Title 28 of the United States Code gives parties fourteen days to object to an R & R "after being served with a copy." 18 U.S.C § 636(b)(1)(C) (2006); *see* Fed.R.Civ.P. 72(b). Rule 6 of the Federal Rules of Civil Procedure lays out how this fourteen-day time period is to be applied. Fed.R.Civ.P. 6. In computing the deadline, courts must (1) "exclude the day of the event that triggers the period;" (2) "count every day, including intermediate Saturdays, Sundays, and legal holidays;" and (3) "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period

continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* Finally, when serving the R & R by mail, three days are added to the period of time to object. *Id.*

In this case, Judge McDonald issued the R & R on April 11, 2012, which gave Plaintiff notice of the fourteen-day objection period and the above applicable rules. *See* ECF No. 48. The Clerk attempted to serve Plaintiff with the R & R by mail on April 12, 2012, but the document came back as undeliverable. On April 16, 2012, the Clerk served Plaintiff with the R & R by mail at his new address. As such, under Rule 6 of the Federal Rules of Civil Procedure, three days were added to the fourteen day period for a total of seventeen days to object. Thus, the seventeen day period to object to the R & R ended on Thursday, May 3, 2012, and not on May 4, 2012 as Plaintiff asserts. Plaintiff failed to file any objections to the R & R before May 3rd.

Second, the Court declines to alter its previous decision to deny Plaintiff's Motion for Extension of Time. Rule 6(b) of the Federal Rules of Civil Procedure allows courts to grant an extension of time to file a responsive motion "for good cause" shown. Plaintiff argued that an extension of time to object to this R & R was necessary to allow him to gather evidence in support of his Motion for Summary Judgment. The Court again finds that Plaintiff failed to show good cause for an extension of time. Therefore, the Court will not alter its previous decision denying Plaintiff's Motion for an Extension of Time to file objections to Judge McDonald's R & R on Plaintiff's Motion for Summary Judgment.

5.     *Other Objections*

Finally, Plaintiff makes various objections to previous rulings by the Court or Magistrate Judge McDonald and to the Court's ruling that all nondispositive motions were moot after Defendants were granted summary judgment.  The Court finds that these previous rulings were correct as a matter of law.  Moreover, any reevaluation of these rulings would not affect the Court's grant of summary judgment to Defendants.

## Conclusion

Therefore, the Court finds that its prior decision granting Defendants summary judgment was and is correct as a matter of law.  Plaintiff's motion contains nothing that compels the Court to alter its previous ruling.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 23, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within **thirty (30)** days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.